UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAIAH AIKENS, a minor, etc., et al., | ) | CASE NO. 1:12CV1393 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CITY OF CLEVELAND HTS., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #17) of Defendant, City of Cleveland Heights, to Dismiss Plaintiffs' Punitive Damages Claims. For the following reasons, the Motion is GRANTED.

**I. BACKGROUND**

On June 4, 2012, Plaintiffs brought this Complaint against the City of Cleveland Heights and one of its police officers, alleging, among other claims, a violation of Isaiah Aikens' constitutional right to be free from the use of excessive force, pursuant to 42 U.S.C. § 1983. Plaintiffs seek declaratory judgment relief, injunctive relief, compensatory damages, punitive damages, costs, and attorney's fees. Defendant, City of Cleveland Heights ("City"),

Case: 1:12-cv-01393-CAB  Doc #: 19  Filed: 01/14/13  2 of 5.  PageID #: 109

filed a Motion, pursuant to Fed.R.Civ.P. 12(b)(6), to Dismiss the Punitive Damages Claims on November 20, 2012. To date, Plaintiffs have filed no opposition.

## II. LAW AND ANALYSIS

**STANDARD OF REVIEW**

**Motion to Dismiss**

In deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555... A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such

-2-

amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Unopposed Motions**

Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D.Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir.2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.* Any further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

**Punitive Damages**

With regard to state law claims against a municipality, Ohio law expressly prohibits an award of punitive damages. Ohio Revised Code Section 2744.05 recites in pertinent part as

follows:

> Notwithstanding any other provisions of the Revised Code or rules of a court to the contrary, in an action against a political subdivision to recover damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function:
>
> (A) Punitive or exemplary damages shall not be awarded.

Likewise, punitive damages may not be awarded against a political subdivision in actions brought pursuant to 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Lewis v. Village of Minerva*, 934 F.Supp. 268 (N.D.Ohio 1996).

**Claims against Defendant City of Cleveland Heights**

In the instant matter, there is no dispute that Defendant, City of Cleveland Heights, is a political subdivision as contemplated under state and federal law. In their Complaint, Plaintiffs allege violations of 42 U.S.C. § 1983, as well as claims for improper training of police officers (*Monell*), negligence, and loss of consortium. Plaintiffs' Prayer for Relief seeks an award of an appropriate amount of punitive damages against all Defendants, jointly and severally.

Defendant City moves for dismissal of the punitive damages claims against it under R.C. § 2744.05(A), and Ohio and federal common law. The Court agrees with the City's statement of the law on political subdivisions and punitive damages. Plaintiffs have failed to file any response to the Rule 12(b)(6) Motion.

### III. CONCLUSION

Plaintiffs have failed to allege a plausible claim for recovery of punitive damages against Defendant, City of Cleveland Heights. The Court considers Plaintiffs' failure to file

an Opposition Brief to be a "confession" to the Motion's merit. Therefore, the Motion ((ECF DKT #17) to Dismiss punitive damages claims as against Defendant, City of Cleveland Heights, is GRANTED.

**IT IS SO ORDERED.**

                                                       s/ Christopher A. Boyko
                                                       **CHRISTOPHER A. BOYKO**
                                                       **United States District Judge**

**Dated: January 14, 2013**